1  STEPHANIE S. CHRISTENSEN
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   KATHY YU (Cal. Bar No. 268210)
4  SCOTT M. LARA (Cal. Bar No. 296944)
   Assistant United States Attorneys
5  Violent and Organized Crime Section
        1300 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-2431/0427
        E-mail:    kathy.yu@usdoj.gov
8                  scott.lara@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10

11                UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA
12

   UNITED STATES OF AMERICA,          No. CR     2:22-cr-00428-SPG
13
             Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
14                                    FRANCISCO ANTHONY DORAME

15                 v.

   FRANCISCO ANTHONY DORAME,
16    aka "dadboss99,"
      aka "SEXYCONN,"
17
             Defendant.
18

19

20       1.   This constitutes the plea agreement between FRANCISCO

21 ANTHONY DORAME ("defendant") and the United States Attorney's Office

22 for the Central District of California (the "USAO") in the above-

23 captioned case.  This agreement is limited to the USAO and cannot

24 bind any other federal, state, local, or foreign prosecuting,

25 enforcement, administrative, or regulatory authority.

26                   DEFENDANT'S OBLIGATIONS

27       2.   Defendant agrees to:

28

FILED
CLERK, U.S. DISTRICT COURT

9/20/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

1        a.   Gives up the right to indictment by a grand jury and,

2  at the earliest opportunity requested by the USAO and provided by the

3  Court, appear and plead guilty to a two-count Information, in the

4  form attached to this agreement as Exhibit A or a substantially

5  similar form, which charges defendant with one count of attempted sex

6  trafficking of a child, in violation of Title 18, United States Code,

7  Sections 1594(a), 1591(a)(1), (b)(1), and one count of distribution

8  of child sex abuse material, in violation of Title 18, United States

9  Code, Sections 2252A(a)(2)(A), (b)(1).

10        b.   Not contest facts agreed to in this agreement.

11        c.   Abide by all agreements regarding sentencing contained

12  in this agreement.

13        d.   Appear for all court appearances, surrender as ordered

14  for service of sentence, obey all conditions of any bond, and obey

15  any other ongoing court order in this matter.

16        e.   Not commit any crime; however, offenses that would be

17  excluded for sentencing purposes under United States Sentencing

18  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

19  within the scope of this agreement.

20        f.   Be truthful at all times with the United States

21  Probation and Pretrial Services Office and the Court.

22        g.   Pay the applicable special assessments at or before

23  the time of sentencing unless defendant has demonstrated a lack of

24  ability to pay such assessments.

25        h.   Agree to and not oppose the imposition of a term of

26  supervised release of at least 20 years under the following

27  conditions of probation or supervised release:

28

1               i.   Defendant shall register as a sex offender, and

2 keep the registration current, in each jurisdiction where defendant

3 resides, where defendant is an employee, and where defendant is a

4 student, to the extent the registration procedures have been

5 established in each jurisdiction.  When registering for the first

6 time, defendant shall also register in the jurisdiction in which the

7 conviction occurred if different from defendant's jurisdiction of

8 residence.  Defendant shall provide proof of registration to the

9 Probation Officer within three days of defendant's placement on

10 probation/release from imprisonment.

11               ii.  Defendant shall participate in a psychological

12 counseling and/or psychiatric treatment and/or a sex offender

13 treatment program, which may include inpatient treatment upon order

14 of the Court, as approved and directed by the Probation Officer.

15 Defendant shall abide by all rules, requirements, and conditions of

16 such program, including submission to risk assessment evaluations and

17 physiological testing, such as polygraph and Abel testing, but the

18 defendant retains the right to invoke the Fifth Amendment.  The

19 Probation Officer shall disclose the presentence report and/or any

20 previous mental health evaluations or reports to the treatment

21 provider.

22               iii. As directed by the Probation Officer, defendant

23 shall pay all or part of the costs of treating defendant's

24 psychological/psychiatric disorder(s) to the aftercare contractor

25 during the period of community supervision, pursuant to 18 U.S.C.

26 § 3672.  Defendant shall provide payment and proof of payment as

27 directed by the Probation Officer.

28

1              iv.  Defendant shall not view or possess any

2  materials, including pictures, photographs, books, writings,

3  drawings, videos, or video games, depicting and/or describing child

4  pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit

5  conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The

6  defendant shall not possess or view any materials such as videos,

7  magazines, photographs, computer images or other matter that depicts

8  "actual sexually explicit conduct" involving adults as defined by 18

9  U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from

10  possessing materials solely because they are necessary to, and used

11  for, a collateral attack, nor does it prohibit defendant from

12  possessing materials prepared and used for the purposes of

13  defendant's Court-mandated sex offender treatment, when defendant's

14  treatment provider or the probation officer has approved of

15  defendant's possession of the materials in advance.

16              v.  Defendant shall not associate or have verbal,

17  written, telephonic, or electronic communication with any person

18  under the age of 18, except: (a) in the presence of the parent or

19  legal guardian of said minor; and (b) on the condition that defendant

20  notifies said parent or legal guardian of defendant's conviction in

21  the instant offenses.  This provision does not encompass persons

22  under the age of 18, such as waiters, cashiers, ticket vendors, etc.,

23  with whom defendant must interact in order to obtain ordinary and

24  usual commercial services.

25              vi.  Defendant shall not frequent, or loiter, within

26  100 feet of school yards, parks, public swimming pools, playgrounds,

27  youth centers, video arcade facilities, or other places primarily

28  used by persons under the age of 18.

1          vii. Defendant shall not affiliate with, own, control,

2  volunteer or be employed in any capacity by a business or

3  organization that causes defendant to regularly contact persons under

4  the age of 18.

5          viii.    Defendant shall not affiliate with, own,

6  control, or be employed in any capacity by a business whose principal

7  product is the production or selling of materials depicting or

8  describing "sexually explicit conduct," as defined at 18 U.S.C.

9  § 2256(2).

10          ix.  Defendant shall not own, use or have access to

11  the services of any commercial mail-receiving agency, nor shall

12  defendant open or maintain a post office box, without the prior

13  written approval of the Probation Officer.

14          x.  Defendant's employment shall be approved by the

15  Probation Officer, and any change in employment must be pre-approved

16  by the Probation Officer.  Defendant shall submit the name and

17  address of the proposed employer to the Probation Officer at least

18  ten days prior to any scheduled change.

19          xi.  Defendant shall not reside within direct view of

20  school yards, parks, public swimming pools, playgrounds, youth

21  centers, video arcade facilities, or other places primarily used by

22  persons under the age of 18.  Defendant's residence shall be approved

23  by the Probation Officer, and any change in residence must be pre-

24  approved by the Probation Officer.  Defendant shall submit the

25  address of the proposed residence to the Probation Officer at least

26  ten days prior to any scheduled move.

27          xii. Defendant shall submit defendant's person, and

28  any property, house, residence, vehicle, papers, computer, other

electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xiii.     Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers ("ISPs") that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

xiv. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

i.  Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend no higher than 240-months' imprisonment, and a lifetime period of supervised release.

NATURE OF THE OFFENSES

4.    Defendant understands that for defendant to be guilty of the crime charged in count one, that is, sex trafficking of a child, in violation of Title 18, United States Code, Sections 1594(a), 1591(a)(1), (b)(1), the following must be true:  (1) defendant attempted to knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit by any means a person; (2) defendant knew that the person had not yet attained 14 years of age and would be caused to engage in a commercial sex act; and (3) defendant's actions were in or affected interstate or foreign commerce.

5.    Defendant understands that for defendant to be guilty of the crime charged in count two, that is, distribution of child sex

abuse material, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (b)(1), the following must be true: (1) defendant knowingly distributed matters which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct; (2) defendant knew the visual depiction contained in the matters showed a minor engaged in sexually explicit conduct; (3) defendant knew that production of such a visual depiction involved use of a minor in sexually explicit conduct; and (4) each visual depiction had been: (a) mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce, or (b) produced using any means or facility of interstate or foreign commerce or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

<u>PENALTIES AND RESTITUTION</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1594(a), 1591(a)(1), (b)(1): is: life imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), is: 15 years' imprisonment; 5 years' supervised release; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States

Code, Sections 2252A(a)(2)(A), (b)(1), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (b)(1), is: five years' imprisonment; a five-year period of supervised release; and a mandatory special assessment of $100.

10. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: lifetime imprisonment; a lifetime period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

11. Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

12. Defendant understands that, pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 found in 18 U.S.C. § 2259A, the Court may impose an additional assessment of up to $50,000.

13. Defendant understands and agrees that pursuant to Title 18, United States Code, Section 2259, defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's

compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty. The restitution amount is unknown at this juncture, and the parties recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing, in particular, the government's ongoing investigation.

14. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offenses that resulted in the term of supervised release.

15. Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

16.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.   Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.   Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

17.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.   Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.   Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.   Defendant nevertheless affirms that he wants to plead guilty

11

regardless of any immigration consequences that his plea may entail,
even if the consequence is automatic removal from the United States.

<div align="center">FACTUAL BASIS</div>

18.   Defendant admits that defendant is, in fact, guilty of the
offenses to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support pleas  guilty
to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth below but is not meant to be
a complete recitation of all facts relevant to the underlying
criminal conduct or all facts known to either party that relate to
that conduct.

From a date unknown and continuing through May 8, 2022, in the
Central District of California, defendant, using Kik (a social media
platform utilizing the Internet and interstate commerce) attempted to
traffic two minor children, ages seven ("Victim 1") and nine ("Victim
2," collectively the "Victims") respectively – knowing that they had
not yet attained 14 years of age.  In the course of this Kik
conversation, defendant made two payments, totaling $100, to the
person who had access to these Victims.  Among other things,
defendant requested photographs of the Victims, expressed his desire
to "play with them right away" upon meeting up, and set a specific
date, time, and location for the meeting.  Defendant also obtained
photographs of these Victims allowing defendant a reasonable
opportunity to observe that they were under the age of 14 years old.

From a date unknown and continuing through April 2022, defendant
knowingly distributed matters that defendant knew constituted child
pornography through his Kik account.  Agents found messages wherein

defendant, using the username "dadboss99," distributed child pornography in exchange for receiving valuable consideration, namely, other child pornography.  For example, on or about April 10, 2022, defendant, using the username "dadboss99" shared three child sex abuse images to a Kik chatroom named "DAU/NIEC Sharing, meaning "Daughter/niece" sharing.  Those images depicted the following:

- An approximately four to six-year-old female on a couch with her buttocks spread and an erect penis being inserted into the child victim's anus.
- An approximately four to six-year-old female on a couch with her legs spread showing her exposed vagina and anus.
- A four- to six-year-old female on a couch with her buttocks spread.  A second image is overlaid and depicts an erect penis being inserted into what appears to be the same minor victim's anus.

Separately, on April 12, 2022, an undercover agent messaged defendant on Kik and said "[h]ot pics are u active," to which defendnat responded "trade," acknowledging that he wished to share images with the undercover agent in trade for child sexual abuse images to be provided by the undercover agent, which defendant admits is valuable consideration.  Then, defendant sent five more images of child sex abuse material.  Those images depicted the following:

- A four- to six-year-old female bent over with an adult hand holding her pants to expose her buttocks and vagina.
- A four- to six-year-old female laying on her back with her vagina exposed.
- A compilation of 12 depictions in one image, showing an erect penis being inserted into a prepubescent vagina.

- A four- to six-year-old female on a couch with her legs spread showing her exposed vagina and anus.

- A four- to six-year-old female on a couch with her buttocks spread.  A second image is overlaid and depicts an erect penis being inserted into what appears to be the same minor victim's anus.

Defendant admits and agrees that he knew the images and videos that he distributed contained visual depictions of minors engaging in sexually explicit conduct, and that he knew that production of such visual depictions involved use of minors engaged in sexually explicit conduct.  Some of the images depicted minor victims under the age of 12 being used for sexual acts.

Defendant admits and agrees that the children depicted in the child pornography images and videos are real children, and defendant downloaded the images and videos from the Internet, which is a means and facility of interstate and foreign commerce, using a computer and interactive computer service (Kik and other social media platforms).

<u>SENTENCING FACTORS</u>

19.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

20. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Count One | | |
|---|---|---|
| Base Offense Level: | 34 | U.S.S.G. § 2G1.3(a)(1) |
| Use of Computer or Interactive Computer Service | +2 | U.S.S.G. § 2G1.3(b)(3) |
| **Count Two** | | |
| Base Offense Level: | 22 | U.S.S.G. § 2G2.2(a)(2) |
| Minor Under 12 | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Exchange for Valuable Consideration | +5 | U.S.S.G. § 2G2.2(b)(3)(B) |
| Sadistic Images | +4 | U.S.S.G. § 2G2.2(b)(4) |
| Use of Computer or Interactive Computer Service | +2 | U.S.S.G. § 2G2.2(b)(6) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

21. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

22. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

23. Defendant understands that by pleading guilty, defendant gives up the following rights:

1          a.   The right to persist in a plea of not guilty.

2          b.   The right to a speedy and public trial by jury.

3          c.   The right to be represented by counsel -- and if

4 necessary have the Court appoint counsel -- at trial.  Defendant

5 understands, however, that, defendant retains the right to be

6 represented by counsel -- and if necessary have the Court appoint

7 counsel -- at every other stage of the proceeding.

8          d.   The right to be presumed innocent and to have the

9 burden of proof placed on the government to prove defendant guilty

10 beyond a reasonable doubt.

11         e.   The right to confront and cross-examine witnesses

12 against defendant.

13         f.   The right to testify and to present evidence in

14 opposition to the charges, including the right to compel the

15 attendance of witnesses to testify.

16         g.   The right not to be compelled to testify, and, if

17 defendant chose not to testify or present evidence, to have that

18 choice not be used against defendant.

19         h.   Any and all rights to pursue any affirmative defenses,

20 Fourth Amendment or Fifth Amendment claims, and other pretrial

21 motions that have been filed or could be filed.

22               <u>WAIVER OF RETURN OF DIGITAL DATA</u>

23   24.  Understanding that the government has in its possession

24 digital devices and/or digital media seized from defendant, defendant

25 waives any right to the return of digital data contained on those

26 digital devices and/or digital media and agrees that if any of these

27 digital devices and/or digital media are returned to defendant, the

28

government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

<u>WAIVER OF APPEAL OF CONVICTION</u>

25.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

26.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 20 years' imprisonment, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the conditions of probation or supervised release imposed by the Court.

27.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including

17

any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

28.  The USAO agrees that, provided all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

29.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

30.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being

1  released from all their obligations under this agreement, or

2  (c) leave defendant's remaining conviction, sentence, and plea

3  agreement intact.  Defendant agrees that the choice among these three

4  options rests in the exclusive discretion of the USAO.

5  <center>EFFECTIVE DATE OF AGREEMENT</center>

6      31.  This agreement is effective upon signature and execution of

7  all required certifications by defendant, defendant's counsel, and an

8  Assistant United States Attorney.

9  <center>BREACH OF AGREEMENT</center>

10     32.  Defendant agrees that if defendant, at any time after the

11  signature of this agreement and execution of all required

12  certifications by defendant, defendant's counsel, and an Assistant

13  United States Attorney, knowingly violates or fails to perform any of

14  defendant's obligations under this agreement ("a breach"), the USAO

15  may declare this agreement breached.  All of defendant's obligations

16  are material, a single breach of this agreement is sufficient for the

17  USAO to declare a breach, and defendant shall not be deemed to have

18  cured a breach without the express agreement of the USAO in writing.

19  If the USAO declares this agreement breached, and the Court finds

20  such a breach to have occurred, then: (a) if defendant has previously

21  entered a guilty plea pursuant to this agreement, defendant will not

22  be able to withdraw the guilty plea, and (b) the USAO will be

23  relieved of all its obligations under this agreement.

24  <center>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</center>

25  <center>OFFICE NOT PARTIES</center>

26     33.  Defendant understands that the Court and the United States

27  Probation and Pretrial Services Office are not parties to this

28  agreement and need not accept any of the USAO's sentencing

<center>19</center>

1    recommendations or the parties' agreements to facts or sentencing

2    factors.

3          34.  Defendant understands that both defendant and the USAO are

4    free to: (a) supplement the facts by supplying relevant information

5    to the United States Probation and Pretrial Services Office and the

6    Court, (b) correct any and all factual misstatements relating to the

7    Court's Sentencing Guidelines calculations and determination of

8    sentence, and (c) argue on appeal and collateral review that the

9    Court's Sentencing Guidelines calculations and the sentence it

10   chooses to impose are not error, although each party agrees to

11   maintain its view that the calculations set forth above are

12   consistent with the facts of this case.  While this paragraph permits

13   both the USAO and defendant to submit full and complete factual

14   information to the United States Probation and Pretrial Services

15   Office and the Court, even if that factual information may be viewed

16   as inconsistent with the facts agreed to in this agreement, this

17   paragraph does not affect defendant's and the USAO's obligations not

18   to contest the facts agreed to in this agreement.

19         35.  Defendant understands that even if the Court ignores any

20   sentencing recommendation, finds facts or reaches conclusions

21   different from those agreed to, and/or imposes any sentence up to the

22   maximum established by statute, defendant cannot, for that reason,

23   withdraw defendant's guilty plea, and defendant will remain bound to

24   fulfill all defendant's obligations under this agreement.  Defendant

25   understands that no one -- not the prosecutor, defendant's attorney,

26   or the Court -- can make a binding prediction or promise regarding

27   the sentence defendant will receive, except that it will be between

28   the statutory mandatory minimum and the statutory maximum.

1

<u>NO ADDITIONAL AGREEMENTS</u>

2      36.   Defendant understands that, except as set forth herein,

3  there are no promises, understandings, or agreements between the USAO

4  and defendant or defendant's attorney, and that no additional

5  promise, understanding, or agreement may be entered into unless in a

6  writing signed by all parties or on the record in court.

7  //

8  //

21

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

37.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

_____          September 15, 2022
KATHY YU                                  _____
SCOTT LARA                                Date
Assistant United States Attorneys


_____          9-15-22
FRANCISCO ANTHONY DORAME                  _____
Defendant                                 Date


_____          9/15/22
KIM SAVO                                  _____
Attorney for Defendant FRANCISCO          Date
ANTHONY DORAME

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          9-15-22
FRANCISCO ANTHONY DORAME                  _____
Defendant                                 Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am FRANCISCO ANTHONY DORAME's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

KIM SAVO
Attorney for Defendant FRANCISCO
ANTHONY DORAME

Date    9/15/22